**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:09cv72**

| | |
|---|---|
| LUIZ ARRIAGA,        ) | |
|             ) | |
|        Petitioner,     ) | |
|             ) | |
|        vs.             ) | **MEMORANDUM OF** |
|             ) | **DECISION AND ORDER** |
|             ) | |
| ALVIN W. KELLER, JR.,    ) | |
| Secretary, North Carolina Dept. ) | |
| of Correction, and SID      ) | |
| HARKELROAD, Administrator,   ) | |
| Marion Correctional Inst.,    ) | |
|             ) | |
|        Respondents.   ) | |
| _____ ) | |

      **THIS MATTER** is before the Court upon the Petitioner's Petition for

Writ of Habeas Corpus [Doc. 1] and Respondents' Motion to Dismiss on

Grounds of Non-Exhaustion [Doc. 11].

**I.    PROCEDURAL BACKGROUND**

      On December 15, 1998, in the Superior Court of Buncombe County,

Petitioner was convicted after trial by jury of first-degree murder and

sentenced to life imprisonment without the possibility of parole. [Resp't Ex.

1, Doc. 12-3]. Petitioner gave notice of appeal on December 16, 1998.

The trial court appointed the Appellate Defendant to perfect Petitioner's appeal. [Pet. Ex. 1, Doc. 1 at 14]. On February 8, 1999, the Appellate Defender appointed attorney David Belser to represent Petitioner on appeal. [Pet. Ex. 2, Doc. 1 at 15]. The appeal, however, was never perfected.

On February 12, 2008, the State filed a motion to dismiss Petitioner's appeal. [Resp't Ex. 2, Doc. 12-4]. On February 21, 2008, the Superior Court of Buncombe County granted the State's motion, and the appeal was dismissed. [Resp't Ex. 3, Doc. 12-5]. On March 3, 2008, Petitioner filed, through Mr. Belser, a certiorari petition in the North Carolina Court of Appeals, seeking reinstatement of his right to appeal. [Resp't Ex. 4, Doc. 12-6]. On March 19, 2008, the North Carolina Court of Appeals denied the petition. [Resp't Ex. 6, Doc. 12-8]. On March 26, 2008, Mr. Belser filed a second petition for writ of certiorari, again requesting the reinstatement of Petitioner's right to appeal. [Resp't Ex. 8, Doc. 12-10]. The North Carolina Court of Appeals denied this petition on April 10, 2008. [Resp't Ex. 10, Doc. 12-12].

On November 13, 2008, a staff attorney with North Carolina Prisoner Legal Services, Inc. filed another certiorari petition in the North Carolina

Court of Appeals on Petitioner's behalf, asserting an ineffective assistance of counsel claim against Mr. Belser.  [Resp't Ex. 11, Doc. 12-13].  The North Carolina Court of Appeals denied this petition on December 1, 2008. [Resp't Ex. 13, Doc. 12-15].

On February 13, 2009, Petitioner filed a petition for a writ of certiorari with the North Carolina Supreme Court.  [Resp't Ex. 14, Doc. 12-16].  While this petition was pending, Petitioner filed the present federal habeas petition [Doc. 1], alleging that he received ineffective assistance of counsel in violation of his Sixth Amendment rights when counsel failed to perfect his direct appeal.  Petitioner simultaneously moved to hold the federal habeas proceedings in abeyance pending the exhaustion of state remedies [Doc. 2].  On April 6, 2009, the Court granted the Petitioner's motion and held the present proceedings in abeyance.  [Doc. 3].

On August 27, 2009, the North Carolina Supreme Court denied Petitioner's petition for a writ of certiorari.  [Resp't Ex. 16, Doc. 12-18].  On September 17, 2009, this Court reopened Petitioner's case and returned it to the active docket.  [Doc. 8].  On October 16, 2009, Respondents filed their initial Answer [Doc. 10] and a Motion to Dismiss the Petition on Grounds of Non-Exhaustion [Doc. 11].  Petitioner filed a Response to

Respondents' Motion on October 27, 2009 [Doc. 13], and the Respondents filed a Reply on October 28, 2009 [Doc. 14]. Having been fully briefed, this matter is now ripe for disposition.

## II.    DISCUSSION

Before filing a federal habeas petition, a state prisoner must exhaust the state court remedies available to him. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Rigorous enforcement of the doctrine "encourage[s] state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." <u>Id.</u> at 518-19, 102 S.Ct. 1198.

In the present case, Petitioner has failed to exhaust the state court remedies available to him for his ineffective assistance claim. In North Carolina, a prisoner may exhaust his state court remedies by filing a direct appeal of his conviction with the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by

filing a motion for appropriate relief (MAR) in the trial court and then

petitioning the North Carolina Court of Appeals for a writ of certiorari.

See Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *10 (W.D.N.C.

Dec. 28, 2010) (citing N.C. Gen. Stat. § 7A-31 and N.C. Gen. Stat. § 15A-

1422).  Petitioner did not pursue either a direct appeal or an MAR.[1]

Instead, he sought a belated appeal through petitions for certiorari in the

North Carolina Court of Appeals and the North Carolina Supreme Court.

Raising a federal habeas claim for the first time in a discretionary petition to

the North Carolina appellate courts, however, is insufficient to constitute a

full and proper exhaustion of state court remedies.  Castille v. Peoples, 489

U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (stating that raising

a claim for the first time in a discretionary petition to a state appellate court

is insufficient to exhaust state remedies); Felton v. Barnett, 912 F.2d 92, 94

(4th Cir. 1990) (stating that "the denial of [a petition for writ of certiorari] is

not a judgment but is simply a refusal to hear the appeal").  Because

---

[1]In response to the Motion to Dismiss, Petitioner argues that the MAR statute provides no basis for reinstatement of a direct appeal, and thus, his failure to file an MAR has no bearing on the exhaustion of his claim.  [Doc. 13 at 5]. Petitioner's argument is simply without merit.  In his habeas petition, Petitioner has asserted that he was denied his right to appeal due to the ineffective assistance of counsel, in violation of the Sixth Amendment.  North Carolina law specifically contemplates the assertion of such constitutional claims through an MAR.  See N.C. Gen. Stat. § 15A-1415(b)(3).

Petitioner has failed to exhaust his state court remedies, his federal habeas petition must be dismissed.

### III.    CONCLUSION

Having fully considered the pleadings and documents submitted by the Petitioner and the entire record of this matter, the Court finds that it is clear that Petitioner is not entitled to relief on his claim.  The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### O R D E R

**IT IS, THEREFORE, ORDERED** that  Respondents' Motion to Dismiss on Grounds of Non-Exhaustion [Doc. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of

Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure

to exhaust state court remedies.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge